IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| KHAM SOPHAPMYSAY, | § | |
| | § | |
| PLAINTIFF, | § | |
| vs. | § | CIVIL ACTION CAUSE NUMBER |
| | § | |
| ASI LLOYDS and DAVID WALKER, | § | 2:14-CV-142-J |
| | § | |
| DEFENDANTS. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR REMAND

Before the Court are Plaintiff's motion, filed June 30, 2014, for remand, and Defendants' response in opposition. For the following reasons, Plaintiff's motion for remand is granted.

### Background

This action arises from the alleged wrongful and unfair handling of Plaintiff's homeowner's insurance claim following a covered hailstorm event. Plaintiff submitted a claim to Defendant ASI Lloyds under the policy. ASI assigned Defendant Walker to investigate the claim. Plaintiff alleges that Walker performed a substandard investigation, filed to note and record all of the covered hail and water damages, gave incorrect advice regarding necessary repairs to the homeowner which caused further damage to the home, and failed to properly record and adjust the claim. That failure caused ASI to fail to pay the full proceeds rightfully due under the insurance policy.

Plaintiff filed this lawsuit in state district court to recover for damages allegedly caused by Defendants' violations of Chapter 541 of the Texas Insurance Code in the improper handling of his claim, including unfair settlement practices.[1] Defendants removed this action to federal court based

---

[1] Plaintiff also alleges causes of action against Walker under the Texas Deceptive Trade Practices-Consumer Protection Act (DTPA), which provides that a violation of the Texas Insurance Code also constitutes a violation of the DTPA, fraud, conspiracy to commit fraud and other illegal actions, negligence and gross negligence, negligent misrepresentation, and the Texas common-law duty of good faith and fair dealing. In addition, Plaintiff alleges a breach of contract claim against ASI, only.

on diversity jurisdiction, claiming that Defendant Walker was improperly joined to defeat diversity jurisdiction. Plaintiff timely moved for remand, arguing that removal of this case was improper. Plaintiff contends that Walker was properly joined as a party-defendant in this action, and therefore complete diversity of citizenship is lacking. It is undisputed that Plaintiff and Walker are citizens of Texas. Thus, if adjuster Walker was properly joined in this lawsuit, this Court lacks diversity jurisdiction.

## Legal Standards

For a case to be removed based on diversity jurisdiction, "'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008)(quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Pursuant to 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if an improperly joined defendant is a citizen of the state in which the action is brought. Because the jurisdiction of the federal courts is limited, a federal court must presume that a suit falls outside its jurisdiction. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The party invoking federal jurisdiction has the burden of establishing it. *Id.* In the removal context, that burden is the removing party. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute must be strictly construed in favor of remand, and all doubts and ambiguities must be resolved against federal jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

"When a defendant removes a case to federal court on a claim of improper joinder [of an in-state defendant], the district court's first inquiry is whether the removing party has carried its heavy burden of proving that joinder was improper." *Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 576 (5th Cir. 2004)(*en banc*). Improper joinder may be proven in two ways. A defendant may establish improper joinder by demonstrating actual fraud in the pleading of jurisdictional facts. *Travis v. Irby,*

326 F.3d 644, 647 (5th Cir. 2003). That is not Defendants' allegation in this case; therefore, alternatively, a defendant may establish improper joinder by proving that the Plaintiff will be unable to establish a cause of action against the non-diverse defendant in state court. *Id.* Because the citizenship of Defendant Walker is not in dispute, the proper focus is on the second inquiry. There is no dispute about the requisite minimum amount in controversy being fairly alleged in this case.

A non-diverse defendant will be found to be improperly joined if there is no possibility that the Plaintiff can establish a cause of action against that Defendant under the applicable law. *Id.* "Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiffs case." *Smallwood.* 385 F.3d at 573; *see also Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 309 (5th Cir. 2005)(in assessing whether a defendant has been improperly joined, court is not required to "determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so."). A court must view all factual allegations in the light most favorable to the Plaintiff, and any contested issues of fact or ambiguities of state law must be resolved in plaintiff's favor. *Travis, supra,* 326 F.3d at 649. Thus, Defendants assume a heavy burden in establishing improper joinder. *Id.* They must establish that there is no arguably reasonable basis for predicting that state law might impose liability on Walker based on the factual allegations as pled. *Smallwood.* 385 F.3d at 573.

There are two proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law. *Smallwood,* 385 F.3d at 573. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b) challenge, there is no improper joinder. *Id.* To survive a Rule 12(b) challenge, a plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, __U.S. __, 129 S.Ct. 1937, 1949 (2009)("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Fifth Circuit has cautioned district courts against "pretrying a case to determine removal jurisdiction." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995).

### Reasonable Basis to Predict Recovery Against Defendant Walker

Defendants argue that Plaintiff fails to allege sufficient facts showing that, in the adjustment of Plaintiff's claim, actionable misconduct was committed by Walker. Defendants argue that Plaintiff's allegations are insufficient because they are merely legal conclusions couched as factual allegations. Plaintiff argues that Walker was properly joined because he has asserted fair notice of a valid cause of action against Walker under numerous provisions of the Texas Insurance Code, including Section 541.060, as well as negligence and gross negligence claims against only Walker, individually, in his original state-court petition.

Specifically, Plaintiff alleges in part that:

"G. Defendant Walker was the agent for ASI and represented ASI in regard to Plaintiff's claim. Walker also adjusted the Plaintiff's claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiff's claim. As such, Walker acted as an insurance adjuster engaged in the business of insurance with respect to the Plaintiff's insurance claim. Therefore, Walker is a 'person' who is individually liable for his unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code and the DTPA. Furthermore, Walker acted as the agent and representative for ASI in this claim.

H.   Defendant Walker improperly adjusted the Plaintiff's claim. Defendant Walker conducted a substandard inspection, which is evidenced in his report, which failed to include many of Plaintiff's damages. His estimate did not allow adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Walker misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance

coverage for Plaintiff's claim/loss under Plaintiff's insurance policy. Walker made these and other misrepresentations to Plaintiff as well as to ASI. Plaintiff and ASI both relied on Walker's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Walker's misrepresentations caused ASI to underpay Plaintiff on his insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property. This has caused additional, further damage to Plaintiff's property. Walker also advised Plaintiff as to how he could repair his Property so as to prevent further damage to the Plaintiff's Property. This advice was negligent and false because it turns out Plaintiff could not properly repair his Property and prevent future damage by following Walker's advice. Plaintiff's Property has sustained further damages as a result.

I. Defendants ASI and Walker misrepresented that the damages caused by the hailstorm were only $4,846.58. However, Defendants' representations were false because Plaintiff's hailstorm damages exceed $30,000.00, and were caused by a covered occurrence.

J. Defendants ASI and Walker failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff."

Texas law allows a claim under Chapter 541 of the Texas Insurance Code against an adjuster in his individual capacity. *See Liberty Mutual Ins. Co. v. Garrison Contractors. Inc.*, 966 S.W.2d 482, 484 (Tex. 1998); *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 283 (5th Cir. 2007). A claims adjuster may qualify as a "person" who is "engaged in the business of insurance" for purposes of violations of the Texas Insurance Code and DTPA. *See* Tex. Ins. Code Ann. § 541.002; Tex. Bus. & Comm. Code Ann. § 17.50; *Garrison Contractors*, 966 S.W.2d at 487 ("section 16 of Article 21.21 provides a cause of action against insurance company employees whose job duties call for them to engage in the business of insurance."); *Vargas v. State Farm Lloyds*, 216 F.Supp.2d 643, 648 (S.D. Tex. 2002) (although "the duties of an insurance adjuster are starkly different from those of an insurance agent, an insurance adjuster nevertheless engages in the business of insurance by

investigating, processing, evaluating, approving, and denying claims."). It is undisputed that Walker was the adjuster who denied in part Plaintiff's damages' claims. Accordingly, Walker is a "person" who is subject to provisions of Chapter 541 of the Texas Insurance Code.

Defendants argue that Plaintiff's allegations are too conclusory to survive a Rule 12(b)(6)-type analysis. In his complaint Plaintiff alleges that Walker, as claims adjuster, committed, among other violations, unfair settlement practices in violation of section 541.060 of the Texas Insurance Code by failing to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability had become reasonably clear. He alleges that Walker failed to provide promptly a reasonable explanation, supported by the facts and applicable Texas law, for the denial of the claim. He alleges that Walker refused to pay the claim without conducting a reasonable investigation with respect to the claim. He alleges that Walker negligently and recklessly failed to note, and failed to properly record, all of the damages caused by the hailstorm. Plaintiff alleges that Walker's failures imposed economic distress upon him and caused him to have to pay attorney's fees and costs, reasonably anticipated consequences for which he is fighting to recover. He alleges that he has suffered financial harm and damage by Walker's and ASI's unreasonable denial and their delays in paying the claim.

Resolving all factual disputes and ambiguities in Plaintiff's favor, as the Court is obliged to do in analyzing improper joinder, *Travis*, 326 F.3d at 649; *Guillory*. 434 F.3d at 308; *Gasch*, 491 F.3d at 281, the Court concludes that Plaintiff's factual allegations in the original petition state a plausible claim that Walker, while acting as a "person" engaged in the insurance business, acted in violation of section 541.060 and other sections of Chapter 541. As stated, to survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. From the facts alleged in Plaintiff's petition, the Court is able to draw the "reasonable inference" that Walker could be liable under Texas law for at least some of the alleged misconduct and damages resulting therefrom. *See Iqbal*, 129 S.Ct. at 1949 ("A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

While the allegations do not indisputably establish that Walker will be liable under Texas law for one or more of the alleged causes of action, this is not the test. Rather, it is Defendants' heavy burden to show that Plaintiff has no reasonable possibility of recovery against Walker. *Smallwood*, 385 F.3d at 573. Defendants have not shown that Plaintiff has no reasonable possibility of recovery against him. For all of the above-stated reasons, the Court concludes that Defendants have not satisfied their burden of establishing that Walker was improperly joined in this lawsuit.

## Conclusion

Defendants have failed to establish that the Plaintiff will be unable to assert a cause of action against Defendant Walker under applicable state law. The Court concludes that Defendants have not shown that Walker was improperly joined in this case. Accordingly, the Court grants Plaintiff's motion for remand. This action is hereby remanded to the 47th Judicial District Court in and for Potter County, Texas.

It is SO ORDERED.

Signed this the _19th_ day of August, 2014.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE